IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:05CV26

| | |
|---|---|
| ERIC ESANCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **MEMORANDUM AND ORDER** |
| JAMES T. QUINN, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) and Motion for More Definite Statement pursuant to FED. R. CIV. P. 8(a)(2). Plaintiff did not file a response.

Having carefully considered the Defendant's arguments, the record, and the applicable authority, the Court will grant in part and deny in part Defendant's Motion to Dismiss, and grant Defendant's Motion for More Definite Statement.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts, as set forth in Plaintiff's complaint and viewed in the light most favorable to the Plaintiff, are as follows:

Plaintiff Eric Esancy is involved in various businesses that deal with banking institutions. Defendant James Quinn was formerly associated as an employee or agent of Private Business, Inc. ("PBI"), a corporation engaged in business enterprises similar to those of the Plaintiff. Defendant served as the chief sales officer of PBI. In February or March of 2004, Plaintiff and Defendant Quinn came in contact with each other in relation to certain business deals with banking institutions.

1

The Court is unsure what these business deals entailed or in what capacity Plaintiff served during these deals because Plaintiff's complaint lacked specificity in that regard.

Sometime in the late summer or fall of 2003, Plaintiff entered into a contract with Jeff DeWald, who worked for a business enterprise named Adpro. Plaintiff's purpose was to promote Adpro, which offers products to banks. Plaintiff's tasks relative to Adpro and BPI included negotiating sales and delivering "sales relationships" to PBI in exchange for performance-based compensation. Plaintiff had introduced PBI and Adpro to one another.

After Plaintiff introduced the representatives of Adpro to PBI, Adpro (or Dewald) terminated its relationship and contract with Plaintiff and then entered into an agreement directly with PBI. This cut Plaintiff out of the relationship and cut off compensation to Plaintiff. DeWald sold his interest in the Adpro product line and the Adpro company to PBI and he is presently employed by PBI. Plaintiff contends that termination of the relationship between Plaintiff and DeWald or Adpro was a result in whole or in part of "false, negative and misleading statements" made by the Defendant Quinn about the Plaintiff. Compl. ¶ 21.

Sometime in late February or early March 2004, Defendant, acting as agent for PBI, telephoned Plaintiff. During that conversation, Defendant allegedly accused the Plaintiff of past negative performances and cited deficiencies of the Plaintiff as the reason that Bank of Granite terminated its contract with PBI. Defendant relayed to Plaintiff that he had spoken with John Gabriel, the senior vice president of Bank of Granite, and that Gabriel told Defendant that Bank of Granite was dissatisfied with Plaintiff's performance and sought to terminate the bank's contract with PBI for that reason.

Plaintiff then contacted Mr. Gabriel, and Mr. Gabriel denied ever making those comments

or having that conversation with Defendant. Mr. Gabriel further indicated he had been satisfied with the way in which Plaintiff had handled his business relationship with Bank of Granite.

Plaintiff further alleged that Defendant . . . "utiliz[ed] his position as an officer with PBI…to protect his personal interest by systematically attempting to undermine the credibility of the Plaintiff through the making of false and demeaning statements which he knew or by reasonable diligence should have known, were untrue." See Compl. ¶ 16.

Based on these facts, Plaintiff seeks to recover compensatory and punitive damages and attorney fees for defamation of character, fraud/misrepresentation, tortious interference with contract (Dewald and others), unfair and deceptive trade practices pursuant to N.C.G.S. § 75-1.1, and civil conspiracy.

## II. MOTION TO DISMISS

Defendant now moves to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure Plaintiff's claims of fraud/misrepresentation and Plaintiff's claim that Defendant violated the North Carolina Unfair and Deceptive Trade Practices Act (the "UDTPA") (N.C.G.S. § 75-1.1 *et seq*.).

**A. Standard for a Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the adequacy of the complaint. Republican Party of N.C. v. Martin, 980 F. 2d 943, 952 (4th Cir. 1992); Dealers Supply Co., Inc. v. Cheil Industries, Inc., 348 F.Supp.2d 579, 584 (M.D.N.C. 2004). A pleading "should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Dealers Supply, 348 F.Supp. at 584. The Court's only

3

task at this stage is to determine if the complaint fails to state a claim upon which relief can be granted. Dealers Supply Co., 348 F.Supp.2d at 584. In making that determination, the Court must take the allegations in the complaint as true and liberally construe the facts alleged in the complaint in the light most favorable to the plaintiff. See GE Inv. Private Placement v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Dealers Supply, 348 F.Supp.2d at 584. However, "[this] requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege any facts which set forth a claim." Estate of Williams-Moore v. Alliance One Receivables Management, Inc., 335 F.Supp.2d 636, 646 (M.D.N.C. 2004).

## B. Fraud/Misrepresentation

To prevail on a claim for common law fraud in North Carolina, a plaintiff must show: (1) a false representation or concealment of a past or existing fact; (2) that was reasonably calculated to deceive; (3) made or done with the intent to deceive; (4) that actually deceived a plaintiff, who had reasonably relied on the deception; and (5) plaintiff suffered damages as a result of his reliance. Estate of Williams-Moore, 335 F.Supp.2d at 649 (citing Myers & Chapman v. Thomas G. Evans, Inc., 323 N.C. 559, 568, 374 S.E.2d 385, 391 (N.C. 1988)). A plaintiff must plead with particularity each of the substantive elements of fraud. FED. R. CIV. P. 9(b); Estate of Williams-Moore, 335 F.Supp.2d at 649 (citing Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 783-84 (4th Cir. 1999)); Weaver, Bennett & Bland v. Speedy Bucks, Inc., 162 F.Supp.2d 448, 453 (W.D.N.C. 2001).

Even if each and every allegation contained in Plaintiff's complaint were true, Plaintiff's claim for fraud is wholly inadequate because there are no allegations that *Plaintiff* relied on any misrepresentation or that Defendant ever intended to deceive *Plaintiff*. The only party who can

4

assert a claim for fraud is the party to whom the misrepresentation was made and who relied on that misrepresentation to his detriment. Estate of Williams-Moore, 335 F.Supp.2d at 649. Because Plaintiff's complaint is devoid of any facts showing that Defendant deceived or intended to deceive Plaintiff, Plaintiff has failed to state a claim for fraud and this claim should be dismissed.[1]

## C. Unfair and Deceptive Trade Practices Act

The essential elements of a claim under the North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1.1, requires a plaintiff to show (1) an unfair or deceptive act or practice; (2) in or affecting commerce; (3) which proximately caused actual injury to the plaintiff. Synergy Financial, LLC v. Zarro, 329 F.Supp.2d 701, 709 (W.D.N.C. 2004) (quoting DiFrega v. Pugliese, 164 N.C. App. 499, 596 S.E.2d 456, 462 (N.C. App. 2004)); see also Simaan, Inc. v. BP Products North America, Inc., 2005 WL 1166610, *3 (M.D.N.C. May 2, 2005) (citing Belcher v. Fleetwood Enters., Inc., 162 N.C.App. 80, 85, 590 S.E.2d 15, 18 (N.C. App. 2004). An act is unfair if it is unethical, unscrupulous, immoral, substantially injurious to consumers or offends public policy. Williams v. Metropolitan Life Insur. Co., 367 F.Supp.2d 844, 852-53 (M.D.N.C. 2005) (quoting Marshall v. Miller, 302 N.C. 539, 548, 276 S.E.2d 397 403 (N.C. 1981)). An act is deceptive if "it has the capacity or tendency to deceive." Id. In a case involving an alleged misrepresentation, a plaintiff must show that he relied on the misrepresentation to his detriment. Simaan, 2005 WL 1166610 at *3.

In his complaint, Plaintiff generally avers that Defendant was engaged in commerce, that Defendant's acts or omissions constituted unfair and deceptive trade practices, and that Plaintiff suffered injury as a direct and proximate result of the unfair and deceptive trade practices on the part

---

[1] Moreover, Plaintiff failed to plead with any particularity any of the elements of fraud.

of the Defendant. Compl.¶¶ 42, 43, 44. Although Plaintiff correctly laid out the elements required to make a *prima facie* showing of a claim under the North Carolina UDTPA, Plaintiff did not offer any facts that would entitle him to relief under this act. As discussed above, even viewing all of Plaintiff's factual allegations as true, none of these facts tend to show that Defendant deceived *Plaintiff* or that Plaintiff relied on any alleged misrepresentations made by Defendant. In fact, the complaint alleges that Defendant made these allegedly defamatory statements to a third party and not directly to *Plaintiff*.

In sum, there is no evidence that Defendant made a misrepresentation or deceptive statement to *Plaintiff* on which *Plaintiff* relied to his detriment. Absent any such evidence, Plaintiff's claim that Defendant violated the UDTPA by engaging in *deceptive* trade practices fails and is <u>dismissed</u> with prejudice for failure to state a claim upon which relief can be granted. It is conceivable that a defendant might engage in a pattern and practice of making untrue statements about a plaintiff to persons other than the plaintiff, in commerce, which would in consequence cost plaintiff money losses or other damages. Such conduct by a defendant might constitute an unfair act or practice under the UDTPA. To the extent Plaintiff's UDTPA claim relates to Defendant engaging in an *unfair* trade practice, Plaintiff has 30 days from the date of this Order to submit a more definite statement outlining the facts that would support a non-frivolous claim for unfair trade practices under the statute. *If Plaintiff fails to do so within the next 30 days, his cause of action for unfair trade practices will also be dismissed with prejudice.*

### III. MOTION FOR MORE DEFINITE STATEMENT

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure,

> A pleading which sets forth a claim for relief...shall contain (1) a

> short and plain statement of the grounds under which the court's
> jurisdiction depends... (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief, and (3) a demand for
> judgment for the relief the pleader seeks....

FED. R. CIV. P. 8(a); U.S. Health, Inc. v. Cohen, 838 F.2d 468 (4th Cir. 1988) (table op.). The purpose of the "short and plain statement of the claim" requirement is to give fair notice to the other party of the event being sued upon. Conley v. Gibson, 335 U.S. at 47; U.S. Health, 838 F.2d at 468. Where the pleading does not provide fair notice to the opposing party, the Court may require the plaintiff to amend the complaint to provide sufficient detail of what the claim is and the grounds upon which it rests. FED. R. CIV. P. 12(e). Defendants move for a more definite statement as to Plaintiff's claim of defamation.

In his vaguely drafted complaint, Plaintiff never identifies the statements that are the basis of his defamation claim. Plaintiff only vaguely refers to the "false, slanderous or misleading statements about the abilities, training or expertise of the Plaintiff," the "pattern of deception and false statements to various customers of the Plaintiff, and the "false, negative and misleading statements made by the Defendant." Compl. ¶¶ 21, 23. Plaintiff never identifies the statements by content, date, manner or recipient. These vague descriptions provide no notice to Defendant as to the basis of Plaintiff's claim of defamation and, as a result of these overly vague descriptions, Defendant is unable to respond to these allegations. Therefore, Defendant's motion for a more definite statement as to the defamation claim is hereby <u>granted</u>. Plaintiff will submit a more definite statement identifying these allegedly defamatory statements in such a way that Defendant has notice of the charges against him and can adequately respond to these allegations in his answer.

## IV.  ORDER

**IT IS THEREFORE ORDERED** that Defendant's motion to dismiss Plaintiff's claim of fraud/misrepresentation is **GRANTED**, and that claim is **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that, to the extent Plaintiff's UDTPA claim relates to *deceptive* acts by the Defendant, Defendant's motion to dismiss that claim is **GRANTED**, and that claim relating to *deceptive* acts by the Defendant is **DISMISSED WITH PREJUDICE;**

**IT IS FURTHER ORDERED** that Plaintiff has 30 days from the date of this Order to submit a more definite statement outlining the allegations that would support a non-frivolous claim for *unfair* trade practices under the statute.  *If Plaintiff fails to do so, his cause of action for unfair trade practices will also be dismissed with prejudice.*

**IT IS FURTHER ORDERED** that Defendant's motion for more definite statement as to Plaintiff's claim of defamation is **GRANTED**, and Plaintiff has 30 days from the date of this Order to submit a more definite statement as to that claim.

**Signed: July 21, 2005**

*Richard L. Voorhees*
Richard L. Voorhees
United States District Judge