IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

| | | |
|---|---|---|
| ERIC ESANCY | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.:5:05CV26 |
| | ) | JURY DEMAND |
| | ) | |
| JAMES T. QUINN | ) | |
| | ) | |
|     Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT

Defendant James T. Quinn hereby answers the allegations of the Amended Complaint as follows:

### FIRST DEFENSE

Plaintiff fails to state a claim on which relief can be granted, including the claims for defamation about which a motion to dismiss is being filed simultaneously.

### SECOND DEFENSE

Defendant James Quinn hereby answers the allegations of the complaint as follows:

1. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1.

2. Admitted.

3. Defendant incorporates by reference his responses to the preceding paragraphs.

4. Admitted.

5. Defendant incorporates by reference his responses to the preceding paragraphs.

1

6. Defendant is without sufficient information to be able to admit or deny the allegations of paragraph 6.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 7.

8. Defendant admits that he previously associated with Private Business, Inc. (hereinafter "PBI"), which is located at 9020 Overlook Blvd., Brentwood, TN 37027. Defendant avers that he held different positions with PBI, including management and personal production positions. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 8.

9. Admitted.

10. Defendant admits that for a period of time he was the Chief Sales Officer of PBI, but Defendant denies the remaining allegations in paragraph 10.

11. Defendant avers that Plaintiff contacted him by telephone in the context of seeking employment with PBI. Defendant cannot now recall precisely when the telephone conversation with Plaintiff occurred. Defendant denies that he "accused Plaintiff of past negative performance." Defendant also denies that the Bank of Granite "terminated" its contract with PBI. Defendant avers that PBI acquired an entity called Towne Services, by which Plaintiff was employed. Defendant avers that it is his understanding that the Bank of Granite threatened to terminate its contract with PBI because of displeasure with the way its account had been serviced by Towne Services. Instead of terminating the contract, however, the Bank of Granite and PBI re-negotiated the terms of the contract to terms more favorable to the Bank of Granite. Defendant denies all allegations of paragraph 11 inconsistent with the foregoing.

12.     Defendant avers that during the phone call between Defendant and Plaintiff that there was a discussion of Defendant's understanding about the circumstances of the Bank of Granite discussing the possibility of terminating its contract with PBI and the bank's apparent dissatisfaction with services provided by Towne Services.  At some point after PBI acquired Towne Services, Defendant talked to Mr. John Gabriel of the Bank of Granite about how Mr. Gabriel wanted Bank of Granite to be serviced by PBI, which by necessity led to a discussion of how Towne Services had been servicing the bank.  Defendant denies all allegations in paragraph 12 inconsistent with the foregoing.

13.     Defendant is without information sufficient to admit or deny whether Plaintiff contacted John Gabriel and if so, the substance of any such conversation; thus, Defendant denies the allegations of paragraph 13.

14.     Denied.

15-17.  Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraphs 15-17.

18.     Admitted

19.     Denied.

20.     Defendant incorporates by reference his responses to the preceding paragraphs.

21.     Defendant denies the allegations of paragraph 21 and all subparts.

22.     Defendant denies the allegations of paragraph 22 and all subparts.  Defendant also refers Plaintiff to his responses in paragraphs 11 and 12 above.

23 - 27.   Denied.

28.     Defendant incorporates by reference his responses to the preceding paragraphs.

3

29. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 29.

30 - 33. Denied.

34. Defendant incorporates by reference his responses to the preceding paragraphs.

35. Defendant avers that he was the Chief Sales Officer of PBI from February of 2003 until August 19, 2004, that PBI is a publicly traded company, and that PBI's principal place of business is located in Williamson County, Tennessee. Defendant denies the remaining allegations in the first sentence of paragraph 35 inconsistent with the foregoing. Defendant denies the allegations of paragraph 35 of the complaint.

36. Defendant admits that Plaintiff was previously employed by PBI and that Plaintiff was thereafter employed by Business Solutions, Inc. Defendant is without information sufficient to admit or deny the remaining allegations contained in the first sentence of paragraph 36. Defendant admits the allegations of the second sentence of paragraph 36. Defendant is without information sufficient to admit or deny the allegations of the third sentence of paragraph 36.

37. Defendant denies the allegations of paragraph 37 and all subparts.

38. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 38 regarding Plaintiff's business success. Defendant denies the remaining allegations contained in paragraph 38.

39 - 47. Denied.

48. Defendant incorporates by reference his responses to the preceding paragraphs.

49 - 52. Denied.

All allegations not previously admitted are hereby denied.

Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

1. The applicable statute of limitations bars some or all of Plaintiff's claims, including but not limited to the claims for defamation.

2. Defendant asserts the defense of qualified privilege to the extent applicable.

Wherefore, having fully answered the Amended Complaint, Defendant hereby demands that the Amended Complaint be dismissed with costs taxed to Plaintiff. Defendant further demands a jury to try this case.

Respectfully submitted,

/s/ Clisby Hall Barrow
Clisby Hall Barrow
Tenn. B.P.R. No. 14744
WALKER, BRYANT, TIPPS & MALONE
2300 One Nashville Place
150 Fourth Avenue, North
Nashville, Tennessee 37219-2424
(615) 313-6000 office
(615) 313-6001 fax
cbarrow@walkerbryant.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that a true and exact copy of the foregoing has been served upon Filing Users via the electronic filing system and on other counsel via U. S. Mail, first-class postage prepaid, this September 30, 2005, on the following:

C. Gary Triggs
C. Gary Triggs, P.A.
PO Drawer 579
Morgantown, North Carolina 28680

/s/ Clisby Hall Barrow

42485.2