# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO.: 5:05CV26

| | |
|---|---|
| ERIC ESANCY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| JAMES T. QUINN, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss and Motion for Summary Judgment and Memorandum in Support. [Doc. ## 26, 27]. Plaintiff did not file a response. These Motions are now ripe for disposition by the Court.

Due to Plaintiff's failure to respond, and Plaintiff's oral communication that the matter has been resolved and should be dismissed, the Court will <u>grant</u> Defendant's Motion to Dismiss and <u>deny</u> Defendant's Motion for Summary Judgment as moot.

## I. FACTUAL AND PROCEDURAL HISTORY

This action arises out of Plaintiff's allegations that Defendant, James Quinn, ("Quinn" or "Defendant") made false and misleading statements to certain individuals with whom Plaintiff had business relationships in order to undermine those relationships. Specifically, Plaintiff alleges that Defendant used his position as Chief Sales Officer of the corporation Private Business, Inc., ("PBI") to undermine Plaintiff's business relationship with PBI and other entities

by making false and misleading statements about Plaintiff's job performance.[1] (Amended Complaint ¶¶ 11-14, 19, 23-26, 30-31, 37-43).

On January 26, 2005, Plaintiff filed suit in the Superior Court of Iredell County, seeking damages and punitive damages against Defendant due to Defendant's alleged false and misleading statements. Plaintiff raised claims of: (1) Defamation of Character; (2) Fraud/Misrepresentation; (3) Tortious Interference with Contract; (4) Unfair and Deceptive Trade Practices under the North Carolina Unfair and Deceptive Trade Practices Act ("UDTPA"), N.C. Gen. Stat. § 75-1-1 *et seq.*; and (5) Civil Conspiracy. On February 25, 2005, Defendant timely removed the action to this Court based on diversity of the parties, pursuant to 28 U.S.C. § 1332.

On March 1, 2005, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as well as a Motion for More Definite Statement pursuant to Rule 8(a)(2) of the Federal Rules of Civil Procedure. On July 21, 2005, the Court granted Defendant's motion to dismiss as to Plaintiff's fraud/misrepresentation claim and as to the alleged deceptive acts of Plaintiff's unfair and deceptive trade practices claim under the UDPTA. The Court further ordered Plaintiff to amend his complaint by pleading a more definite statement as to Plaintiff's defamation claim, and as to the unfairness component of Plaintiff's unfair and deceptive trade practices claim. On August 19, 2005, Plaintiff filed an Amended Complaint reasserting his claims for defamation of character, tortious interference with contract, unfair trade practices, and civil conspiracy. On September 30, 2005, Defendant filed a Motion to Dismiss Plaintiff's defamation claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure,

---

[1] Private Business, Inc. is a publicly-traded corporation in the banking industry, with its principal place of business in Brentwood, Tennessee. (Amended Complaint ¶¶ 8-9).

which the Court granted on February 10, 2006.

Defendant filed his current Motion to Dismiss Defendant's remaining claims pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Motion for Summary Judgment on November 6, 2006.[2] Plaintiff did not file a response, and has not filed or acknowledged in any way that he intended to prosecute his suit since filing his amended complaint on August 19, 2005. On January 11, 2007, the Court ordered Plaintiff to show cause why the suit should not be dismissed for lack of prosecution under Rule 41(b) by January 31, 2007. Plaintiff did not file a written response, and on January 31, 2007, Plaintiff's attorney indicated in an oral communication with the Clerk's Office that the matter had been resolved and should be dismissed. The Clerk's Office instructed Plaintiff's attorney to file a written response to the Court's January 11, 2007 Order, which the Plaintiff has not done.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure states: "For failure of the plaintiff to prosecute or comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant."

Plaintiff has not demonstrated any intention to prosecute this action, did not file a written a response to the Court's order directing Defendant to show cause why this action should not be dismissed with prejudice, and indicated orally that the matter should be dismissed. Therefore, the Court will grant Defendant's Motion to Dismiss.

---

[2] Defendant stated in the opening sentence of his Memorandum in Support of Motion to Dismiss and Motion for Summary Judgment that the motion to dismiss was pursuant to Rule 12(b)(6) of the Federal Rules, however, Defendant's argument for dismissal is based on Rule 41(b). Thus, the Court will construe Defendant's motion as pursuant to Rule 41(b) not Rule 12(b)(6).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Dismiss is hereby **GRANTED**. All of Plaintiff's remaining claims in Plaintiff's Amended Complaint are hereby **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment is hereby **DENIED AS MOOT**.

Signed: February 22, 2007

Richard L. Voorhees
United States District Judge